UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHAD LIGHTFOOT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1035** |
| **KOEPPEL, LLC (LAW FIRM), ET AL.** | **SECTION "H"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.   **Factual and Procedural Background**

Plaintiff Chad Lightfoot ("Lightfoot"), an inmate housed in the Orleans Justice Center, submitted the captioned civil rights complaint pursuant to 42 U.S.C. § 1983 *et seq.* against the defendants, including several attorneys and a notary public, claiming that defendants manipulated the judicial system in connection with a now-resolved state court case involving an alleged car accident he had with a Jefferson Parish sheriff's deputy. ECF No. 1, at 6 (Deficient Complaint). The original complaint was not on the required prisoner civil rights form and was not accompanied by a filing fee or pauper application.

The Clerk of Court sent Lightfoot notice of these deficiencies on March 24, 2023, which required that Lightfoot submit his pleading on the required form and either pay the filing fee or submit a properly completed and certified pauper application within twenty-one (21) days of the date of the notice. ECF No. 2. Both the complaint form and the pauper application were provided to Lightfoot with the notice. Lightfoot did not respond to or comply with the deficiency notice.

On April 25, 2023, the undersigned Magistrate Judge issued an Order for Lightfoot to show cause in writing by May 25, 2023, why his complaint should not be dismissed for his failure to prosecute by his failure to correct these deficiencies. ECF No. 3. Lightfoot filed a written response in which he complains that he is unable to obtain unspecified "legal copies" from the OJC legal department to assist in proving his case. ECF No. 5. Despite his claim that he cannot get copies, Lightfoot attached "copies of forms provided by Orleans Justice Center" in which he was told that the legal department does not provide copies to inmates. *Id*. at 3. Lightfoot, however, did not return a completed form complaint, pay the filing fee, or a completed and certified pauper application as ordered.

## II.    Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

When a plaintiff is without counsel, he is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions*

2

*Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance."  *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III.  Analysis

Lightfoot filed a written response to the Court's order, however, he wholly failed to explain why he did not comply with the Clerk's Notice of Deficiency, pay the fee, or file the corrected documents.  He also did not submit the required form complaint or the certified pauper application, both of which were provided to him by the Clerk of Court.  Lightfoot is not required by this Court to produce "legal copies" of any documents, especially since he has never actually opened this case.  He was provided the necessary forms by the Clerk of Court, and he has persisted in failing to return the forms or pay the filing fee.

Lightfoot's response provides no reasons for his failure to provide the Clerk or the Court with the documents needed to prosecute this case.  In fact, he indicates that he does not want to pay the fees owed to the Court so he can have his money available to make copies and serve defendants if needed later.  ECF No. 4, at 3-4.  However, Lightfoot must understand, he has no case to serve or pursue since he has chosen not to pay the filing fee or apply for pauper status as directed by the Court.

Lightfoot's failure to comply with the orders of this Court are solely the result of his own actions or inactions.  He has been given adequate opportunity to correct his pleadings and either pay the filing fee or submit a certified pauper application.  His repeated failure to do so has also resulted in the Court's inability to move forward with this case and its docket.  For these reasons,

Lightfoot's civil rights complaint should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

IV. **Recommendation**

It is therefore **RECOMMENDED** that Chad Lightfoot's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 13th day of June, 2023.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.